

**Peckar & Abramson**
A Professional Corporation • Attorneys & Counselors at Law

www.pecklaw.com

70 Grand Avenue
River Edge, NJ 07661
tel. 201.343.3434
fax 201.343.6306

New York, NY
Los Angeles, CA
Oakland, CA
Washington, D.C.
Miami, FL
Chicago, IL
Boston, MA
River Edge, NJ
Austin, TX
Dallas, TX
Houston, TX

International Alliances

Argentina
Brazil
Canada
Chile
Colombia
El Salvador
England
France
Germany
Guatemala
India
Mexico
Peru
Uruguay




**Kevin J. O'Connor, Esq.**
*Shareholder*

**Direct Dial:** (201) 359-7040
**E-Mail Address:** koconnor@pecklaw.com

**VIA ECF**

July 27, 2022

Honorable Eric R. Komitee, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** **Shahzoda Juraeva, et al. v. Americare, Inc.**
       **EDNY Civil Case No.: 1:22-cv-03784**
       **Our File No.: 4903-448500**

Dear Judge Komitee:

We are counsel of record for Defendant, Americare, Inc. ("Americare."), in this action. We respectfully request a pre-motion conference, pursuant to Your Honor's Individual Rules, concerning an anticipated Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff's Complaint. (Dkt. No.1).

### Nature of the Case

Plaintiff allegedly began working as a home health aide and/or home attendant for Defendant in or around May 2021, and claims to still be employed by Defendant. Plaintiff commenced this action on June 27, 2022, by filing her Complaint alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to pay overtime and minimum wages for work performed in excess of 40 hours in a work week. (Complaint, ¶ 2.) Plaintiff has included allegations for a proposed FLSA collective action.

### Failure to State a Claim for Relief that is Plausible on its Face

a) **Fair Labor Standards Act and New York Labor Law-Overtime Claims**

Defendant seeks leave to move to dismiss the Complaint because it fails to state a claim under the FLSA and NYLL. First, the Complaint lacks sufficient particularly with respect to exactly which overtime shifts allegedly went unpaid and the amount of money Plaintiff is allegedly owed insomuch as Plaintiff, in conclusory fashion,

**Peckar & Abramson**
A Professional Corporation • Attorneys & Counselors at Law

Honorable Eric R. Komitee, U.S.D.J.
United States District Court, Eastern District of New York
July 27, 2022
Page 2

alleges that she regularly worked for Defendant from in or around May 2021 through and including the present date. (Complaint ¶ 6.) Plaintiff fails to provide the dates of each of the alleged unpaid overtime shifts, the hours worked on said shifts, and the applicable rate of pay.

To survive a motion to dismiss, Plaintiff must allege sufficient factual matter to state a plausible claim that she was suffered or made to work compensable overtime in a workweek longer than 40 hours. Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013). Further, allegations that an employee "regularly worked" more than forty hours per week are merely legal conclusions that constitute "little more than a paraphrase of the statute" and cannot, standing alone, establish a plausible claim. See DeJesus v. HF Mgmt. Servs., LLC., 726 F.3d 85,89 (2d Cir. 2013); Bonn-Wittingham v. Project OHR, Inc., 792 F. App'x 71, 75 (2d Cir. 2019). Here, Plaintiff fails to provide factual support for her claims for unpaid overtime. Instead, Plaintiff simply comes to the unsupported conclusion that Defendant failed to pay her alleged overtime wages to which she is entitled under the FLSA and NYLL. (Complaint ¶¶ 36;42). In doing so, Plaintiff fails to meet the standard for stating a plausible claim, and accordingly, her claims for unpaid overtime should be dismissed.

**b)    New York Labor Law - Failure to Provide Hiring Notice and Wage Statements Claims**

Plaintiff also asserted what Defendant submits are fatally flawed claims alleging failure to provide a wage statement and hiring notice in compliance with NYLL and the Wage Theft Prevention Act ("WTPA"). Defendant submits that Plaintiff lacks standing to bring her claims in Federal Court. That is because, based on the record before the Court, it is not clear that Americare's alleged policy led to an 'injury' that can be recognized by a federal court. Sevilla v. House of Salads One LLC, 2022 U.S. Dist. WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022)  Factually, Plaintiff received and signed for a wage statement.  But crediting her complaint, while she may allege technical violations of the NYLL, her complaint fails to plausibly allege how such technical violations led to either a tangible injury or something akin to a traditional cause of action, and the Supreme Court has made clear that a statutory violation alone, without a tangible injury or close parallel to a traditional cause of action, does not constitute an injury that can be recognized by the federal courts. Francisco v. NY Tex Care, Inc., 2022 U.S. Dist. WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022). Accordingly, the Court does not have subject matter jurisdiction over Plaintiff's claims for violations of NYLL § 195(1)(a) and § 195(3).

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

Honorable Eric R. Komitee, U.S.D.J.
United States District Court, Eastern District of New York
July 27, 2022
Page 3

For the foregoing reasons, we respectfully request a pre-motion conference with the Court to obtain leave to file and serve a motion to dismiss, and to arrive at a mutually convenient briefing schedule for the anticipated motion.

Respectfully submitted,

*/s/ Kevin J. O'Connor*
    KEVIN J. O'CONNOR, ESQ.

KJO:ci

cc:    All Counsel of Record *(via ECF)*

#4782984v1