UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAHZODA JURAEVA, on behalf of herself and others similarly situated in the proposed FLSA Collective Action,<br><br>                              Plaintiff,<br><br>            -against-<br><br>AMERICARE, INC.,<br><br>                              Defendant. | Civil Action No.: 1:22-cv-03784-EK-SJB<br><br>**ANSWER TO COMPLAINT** |

      Defendant, Americare, Inc. ("Defendant"), by its attorneys, Peckar & Abramson, P.C., hereby answers the complaint filed by Plaintiff, Shahzoda Juraeva ("Juraeva" or "Plaintiff"), filed on their own behalf and on behalf of all others similarly situated (collectively referred to herein as "Plaintiffs"), by admitting, denying and averring as follows:

### NATURE OF THE ACTION

      1.     Defendant neither admits nor deny the allegations contained in Paragraph "1" of the Complaint as they state a legal conclusion.

      2.     Defendant neither admits nor deny the allegations contained in Paragraph "2" of the Complaint as they state a legal conclusion.

### JURISDICTION AND VENUE

      3.     The allegations contained in Paragraph "3" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

1

4. The allegations contained in Paragraph "4" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

5. Defendant admits the allegations contained in Paragraph "5" of the Complaint.

## THE PARTIES

**PLAINTIFF SHAHZODA JURAEVA**

6. Defendant admits the allegations contained in Paragraph "19" of the Complaint to the extent that Plaintiff was and is employed by Defendant as a home health aide but denies that Plaintiff began working for Defendant in May 2021. Plaintiff was onboarded as an employee of Defendant on or about August 10, 2021 and worked her first shift for Defendant on or about August 11, 2021.

7. Defendant admits the allegations contained in Paragraph "19" of the Complaint to the extent that Plaintiff was and is a non-managerial employee of Defendant but denies that Plaintiff began working for Defendant in May 2021. Plaintiff was onboarded as an employee of Defendant on or about August 10, 2021 and worked her first shift for Defendant on or about August 11, 2021.

8. The allegations contained in Paragraph "8" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

**DEFENDANT AMERICARE, INC.**

9. Defendant admits the allegations contained in Paragraph "9" of the Complaint.

10. Defendant admits the allegations contained in Paragraph "10" of the Complaint.

11. Defendant admits the allegations contained in Paragraph "11" of the Complaint.

12. The allegations contained in Paragraph "12" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

13. The allegations contained in Paragraph "13" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

14. The allegations contained in Paragraph "14" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

15. The allegations contained in Paragraph "15" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

## FACTUAL ALLEGATIONS

16. In response to the allegations contained in Paragraph "16" Defendant is without knowledge or information from which to respond to the allegations and further denies that this is an appropriate case for a collective action under FLSA or class action.

17. In response to the allegations contained in Paragraph "17" Defendant is without knowledge or information from which to respond to the allegations and further denies that this is an appropriate case for a collective action under FLSA or class action.

18. Defendant admits the allegations contained in Paragraph "18" of the Complaint.

19. Defendant admits the allegations contained in Paragraph "19" of the Complaint to the extent that Plaintiff was and is an employee of Defendant but denies that Plaintiff began working for Defendant in May 2021. Plaintiff was onboarded as an employee of Defendant on or about August 10, 2021 and worked her first shift for Defendant on or about August 11, 2021.

20. Defendant denies the allegations contained in Paragraph "20" of the Complaint.

21. Defendant denies the allegations contained in Paragraph "21" of the Complaint.

22. Defendant denies the allegations contained in Paragraph "22" of the Complaint.

23. Defendant denies the allegations contained in Paragraph "23" of the Complaint.

24. Defendant denies the allegations contained in Paragraph "24" of the Complaint.

25. Defendant denies the allegations contained in Paragraph "25" of the Complaint.

26. Defendant denies the allegations contained in Paragraph "26" of the Complaint.

27. Defendant denies the allegations contained in Paragraph "27" of the Complaint.

28. Defendant denies the allegations contained in Paragraph "28" of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Defendant neither admits nor deny the allegations contained in Paragraph "29" of the Complaint, which purports to state a legal conclusion.

30. The allegations contained in Paragraph "30" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

31. Defendant neither admits nor deny the allegations contained in Paragraph "31" of the Complaint.

32. Defendant neither admits nor deny the allegations contained in Paragraph "32" of the Complaint.

## FIRST CLAIM
(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

33. Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in Paragraphs "1" to "33" of the Complaint, as though set forth fully herein at length, and deny each and every allegation not unequivocally admitted hereinabove.


LAW OFFICES
Peckar & Abramson
A Professional Corporation

34. The allegations contained in Paragraph "34" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

35. The allegations contained in Paragraph "35" of the Complaint contain legal conclusions to which no response is required.

36. The allegations contained in Paragraph "36" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

37. The allegations contained in Paragraph "37" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

38. The allegations contained in Paragraph "38" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

## SECOND CLAIM
### (NYLL - Unpaid Overtime Wages)

39. Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in Paragraphs "1" to "38" of the Complaint, as though set forth fully herein at length, and deny each and every allegation not unequivocally admitted hereinabove.

40. The allegations contained in Paragraph "40" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

41. The allegations contained in Paragraph "41" of the Complaint contain legal conclusions to which no response is required.

42. The allegations contained in Paragraph "42" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

43. The allegations contained in Paragraph "43" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

44. The allegations contained in Paragraph "44" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

### THIRD CLAIM
### (NYLL WTPA- Failure to Provide Wage Notices)

45. Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in Paragraphs "1" to "44" of the Complaint, as though set forth fully herein at length, and deny each and every allegation not unequivocally admitted hereinabove.

46. The allegations contained in Paragraph "46" of the Complaint contain legal conclusions to which no response is required.

47. The allegations contained in Paragraph "47" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

48. The allegations contained in Paragraph "48" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

49. Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in Paragraphs "1" to "48" of the Complaint, as though set forth fully herein at length, and deny each and every allegation not unequivocally admitted hereinabove.

50. The allegations contained in Paragraph "50" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

51. The allegations contained in Paragraph "51" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

## FIFTH CLAIM
### (NYLL – Spread -of-Hours Pay)

52. Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in Paragraphs "1" to "51" of the Complaint, as though set forth fully herein at length, and deny each and every allegation not unequivocally admitted hereinabove.

53. The allegations contained in Paragraph "53" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

54. The allegations contained in Paragraph "54" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

55. The allegations contained in Paragraph "55" of the Complaint contain legal conclusions to which no response is required, and to the degree any response is required, the allegations are denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff or any other individuals are entitled to any type of remedy, relief or damages in this action, including any of the relief sought in paragraphs "(a)" through "(m)" contained therein.

\* \* \* \*

Without assuming the burden of proof where such burden properly rests with the Plaintiffs, Defendant hereby asserts, as and for its defenses[1] to the claims asserted in the Complaint, as follows:

## AS AND FOR A FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted, either on Plaintiff's own behalf or on behalf of those persons whom they purport to represent.

## AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable limitations periods.

---

[1] These defenses also may apply to the claims of some or all of the allegedly similarly situated persons.

### AS AND FOR A THIRD DEFENSE

This case may not be maintained as a class or collective action because the named Plaintiffs are not similarly-situated to, or otherwise adequate representatives for, the persons whom they purport to represent.

### AS AND FOR A FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the de minimis doctrine.

### AS AND FOR A FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, estoppel, waiver and/or other equitable defenses.

### AS AND FOR A SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A SEVENTH DEFENSE

Plaintiffs lack standing to be and are not adequate representatives of the putative class of employees and, as such, the Court should not authorize notice to be issued or a class action to be maintained.

### AS AND FOR AN EIGHTH DEFENSE

This case is not appropriate for a class or collective action because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to the purported class members.

### AS AND FOR A NINTH DEFENSE

Plaintiffs cannot establish or maintain a class action because it cannot be demonstrated that a class action is superior to other methods available for adjudicating any controversy.

**AS AND FOR A TENTH DEFENSE**

Plaintiffs were exempt from or were not covered by certain of the overtime, wage payment and other wage-hour provisions of the New York Labor Law ("NYLL") and its implementing regulations or wage orders, including but not limited to an exemption for companion workers.

**AS AND FOR AN ELEVENTH DEFENSE**

If the unlawful acts and/or omissions alleged in the Complaint were engaged in by Defendant, which Defendant denies, Defendant did not do so willfully, and Defendant relied upon guidance and opinions from state and federal agencies in formulating its pay policies.  Accordingly, claims within the Complaint are barred in whole or in part by the applicable statute of limitations.

**AS AND FOR A TWELFTH DEFENSE**

At all times relevant to this action Defendant acted in good faith and on reasonable grounds.  Plaintiffs did not voice questions or concerns about their weekly hours or wages in a timely manner, and Defendant acted in good faith reliance on various guidance and opinions from state and federal agencies responsible for interpreting the laws in question.  Accordingly, liquidated damages and interest are not recoverable.

**AS AND FOR A THIRTEENTH DEFENSE**

Defendant has acted in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of state and federal administrators and is therefore not liable.

### AS AND FOR A FOURTEENTH DEFENSE

Plaintiffs' claims are barred, or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments or offsets permissible under the NYLL.

### AS AND FOR A FIFTEENTH DEFENSE

Plaintiffs cannot establish a willful violation under the NYLL.

### AS AND FOR A SIXTEENTH DEFENSE

The Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

### AS AND FOR A SEVENTEENTH DEFENSE

Certain of the interests of the putative class action members are in conflict with the interests of Plaintiffs and/or all or certain sub-groups of the putative class members.

### AS AND FOR AN EIGHTEENTH DEFENSE

The types of claims alleged by Plaintiffs on behalf of putative class action members are matters in which individual questions predominate and thus are not appropriate for class action treatment.

### AS AND FOR A NINETEENTH DEFENSE

Plaintiff's claims, and the claims of each putative member of the purported class set forth in the Complaint, are barred, in whole or in part, because the purported class definition is ambiguous and conclusory, and includes persons who are exempt under their own separate exemption under the NYLL and/or FLSA.



## AS AND FOR A TWENTIETH DEFENSE

The types of claims alleged by Plaintiffs on behalf of themselves and others, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class action treatment.

## AS AND FOR A TWENTY-FIRST DEFENSE

The claims of Plaintiff and the class she purports to represent are barred in whole or in part because Plaintiffs fail to satisfy the prerequisites for class certification and, therefore, lacks standing to bring these claims and cannot represent the interests of others as to each of the purported causes of action.

## AS AND FOR A TWENTY-SECOND DEFENSE

Plaintiffs' employment and terms and conditions of employment are/were governed by a collective bargaining agreement by and between Plaintiffs' exclusive bargaining representative and Defendant.  As such, Plaintiffs' causes of action asserted in the Complaint are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. 185(a).

## AS AND FOR A TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction, release or waiver.

## AS AND FOR A TWENTY-FOURTH DEFENSE

Plaintiffs and the alleged Class Members were paid proper wages for all hours worked.


LAW OFFICES
Peckar &
Abramson
A Professional Corporation

**AS AND FOR A TWENTY-FIFTH DEFENSE**

Plaintiffs did not work for more than 40 hours per week during one or more weeks they claim they are entitled to overtime.

**AS AND FOR A TWENTY-SIXTH DEFENSE**

Plaintiffs cannot establish a willful violation under the FLSA.

\* \* \* \* \* \*

In addition to the foregoing defenses, Defendant retains the right to amend its Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiffs or any putative class members who join this action as those claims become known during this litigation.

**WHEREFORE**, Defendant requests that the Court:

a. Dismiss with prejudice Plaintiff's Complaint;

b. Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

c. Award to Defendant reimbursement for its costs and attorneys' fees; and

d. Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 27, 2022

        **PECKAR & ABRAMSON, P.C.**
        *Attorneys for Defendant*

        By: */s/ Kevin J. O'Connor*
            KEVIN J. O'CONNOR, ESQ.
            1325 Avenue of the Americas, 10th Floor
            New York, New York 10019
            (212) 382-0909
            koconnor@pecklaw.com

TO:    Joshua Levin-Epstein, Esq.
          Jason Mizrahi, Esq.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

Levin-Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, New York 10165
(212) 792-0046
*Attorneys for the Plaintiff and proposed*
*FLSA collection Action Plaintiffs*

LAW OFFICES

Peckar &
Abramson

A Professional Corporation

15

**DECLARATION OF SERVICE**

I declare that, on this date, a copy of this Answer with Defenses was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service, upon the following parties and participants:

>Joshua Levin-Epstein, Esq.
>Jason Mizrahi, Esq.
>Levin-Epstein & Associates, P.C.
>60 East 42nd Street, Suite 4700
>New York, New York 10165
>(212) 792-0046
>*Attorneys for the Plaintiff and proposed*
>*FLSA collection Action Plaintiffs*

Dated: New York, New York
October 27, 2022

By: */s/ Kevin J. O'Connor*



LAW OFFICES
Peckar & Abramson
A Professional Corporation

#4823253v1

16